**BEACHWOOD (VILLAGE), Plaintiff-Appellee, v. LEUSER, Defendant-Appellant.**

Common Pleas Court, Cuyahoga County.

No. 64890.   Decided June 6, 1955.

Wilmot, Baskin, Lausche & Kelley, Cleveland, for plaintiff-appellee.
Horan & Bell, Cleveland, for defendant-appellant.

## OPINION

By FULTON, J.

This is an appeal by defendant-appellant from a conviction for violation of an ordinance, as amended, of the plaintiff Village. The ordinance provided for licensing those who "sell, or offer for sale, hawk, peddle, or vend goods or merchandise, produce of any kind, upon the streets * * * or to the residence".

Defendant was agent and employee of Quaker Hill, Inc., of Newark, New Jersey, sellers, planners and by inference producers of landscaping shrubbery.

The question is the validity of the ordinances. The original ordinance (1949-23) contained four sections. Section 2 was amended by Ordinance 1953-54. This Court judicially notes the ordinances since the

lower Court had knowledge of them. Cross v. Hodge Company, 132 Oh St 607; Strongsville v. McPhee, 142 Oh St 534; Cleveland v. Keah, 157 Oh St 332. The several sections including amended Section 2 of the later ordinance follow.

"Section 1: No person, .firm or corporation shall sell or offer for sale, hawk, peddle or vend any goods or merchandise, produce of any kind, upon the streets and highways, or public places, or to the residence of the Village of Beachwood, Ohio, unless he shall first have obtained a license so to do, provided in this ordinance."

"Section 2: The marshal of the village, as the executive head of the Police Department of the Village, is hereby authorized to issue a license to sell, hawk, peddle, or vend to such applicants as are found by him to be of good reputation both as to the applicant and to the goods, produce, or services proposed to be sold. The marshal or officer in charge shall fingerprint every such applicant and shall investigate the reputation of the applicant, his financial responsibility, his prior activity, the goods, produce or service which he proposes to sell and such other matters as in the opinion of the marshal or the officer in charge of the Police Department may be deemed by him necessary for the protection of the peace, safety and welfare of the residents of the Village of Beachwood. If the marshal or officer in charge shall find that the type of service or method of selling or distribution may be hazardous, dangerous or a nuisance to the residents of the Village or may be detrimental to the peace, safety or welfare of the residents of the Village or that the reputation, previous record or financial responsibility of the applicant are unsatisfactory he shall refuse to issue a license. If, upon such examination, the marshal or officer in charge of the Police Department shall be of the opinion that the applicant is entitled to a license to sell, hawk, peddle, or vend the item of goods or merchandise, or services for which application is made, the marshal or the officer in charge of the Police Department shall, not sooner than two weeks from the date of the application, issue a license limited in time, as said marshal or officer in charge of the Police Department-may determine, to such applicant, which license shall be effective for such time as the marshal or the officer in charge of the Police Department shall determine, and shall be subject to renewal thereafter under the same conditions are provided herein."

"Section 3: Any person, firm or corporation who is aggrieved by the decision of the marshal or the officer in charge of the Police Department in reference to the decision made relative to the issuance or denial of a license as provided in Section 1 hereof, may within ten days after the decision so made by the marshal or the officer in charge of the Police Department, appeal the decision so made to the Mayor of the Village. Such appeal shall be made in writing and shall state the grounds upon which the applicant claims the decision of the marshal or the officer in charge of the Police Department is erroneous or contrary to the facts in the case presented. The mayor shall thereupon, within thirty days, hold a hearing thereon, at which hearing he shall make inquiry into the facts as presented by the applicant as to his reputation and as to the goods, services or product he proposes to sell, and

shall make inquiry from the marshal or the officer in charge of the Police Department as to the basis upon which the applicant was denied a license, and upon final hearing, of such facts presented and upon investigation as to such other matters or facts as the Mayor may find to be in the public interest, he shall, after consideration of all the issues presented, either affirm the decision of the marshal or the officer in charge of the Police Department, or overrule the same and grant a license under such terms and conditions as he may in his judgment prescribe as being in the interest, health, safety and welfare of the Village of Beachwood, and his decision shall be final."

"Section 4: Penalty. Defendant Leuser worked for this Nursery Company of Newark, New Jersey, whose business was 'primarily one of designing and soliciting orders * * *.' The company's product was sold on open account. On taking an order (Ex. A) no delivery was made. The delivery followed later by various inter-state means, namely, parcel post, railway express and freight."

Defendant, in the course of his employment, was at a customer's house when arrested. At this particular house he was seeking to replace some shrubbery earlier sold and delivered to the householder. He had solicited at another house before this on the day of his arrest. He stated that the business was conducted entirely in the customers' houses.

While, as stated, the validity of the ordinances is presented the question of such validity and claim, at first, was on several grounds. There remains now only one asserted ground of invalidity. That ground is well stated in defendant-appellant's brief:

"We agree that the sole issue herein is whether or not the ordinances in question, which require a license before solicitation of orders, are invalid and unconstitutional as to defendant's interstate commerce business activity or otherwise."

These ordinances, it seems, embrace subject matter contained in both §§715.63 and 715.64 R. C. and those statutes as well as these ordinances on other matters than "interstate commerce burdens" present interesting practical as well as legal and constitutional questions. None except the question of interstate commerce need be considered.

Therefore, this case will be decided without reference to the validity of these ordinances (1) on other than the question of interstate burden; and, again, without reference (2) to their applicability to those engaged in strictly "intrastate business"; and moreover (3) as affecting only this defendant-appellant under the particular facts of this case.

As applied to this defendant, who is an agent for and carrying on the interstate business of his principal and based upon and limiting it to the facts herein this ordinance is invalid because it places an undue burden on interstate commerce in violation of Article VIII of the Constitution of the United States. The extent, amount, velocity or volume of interference is immaterial. Impact thereon and against interstate commerce is enough.

Therefore, this ordinance as applied to this defendant in carrying on the interstate business of his master or principal, is invalid. This ordinance is regulatory and not prohibitory as in Beard v. Alexandria, 341 U. S. 622. A similar prohibition in this case might be upheld under the police power; but here the village does not invoke its

police power (which necessarily should be consistent with State law) to prohibit a nuisance but the Village interferes with interstate commerce by the rein of licensure. The rein itself is a burden upon interstate commerce. This burden is accentuated by the two-weeks delay in licensure issue.

By reason of the foregoing the judgment and sentence of the lower Court is reversed, the appeal bond is released and discharged and the cost of the proceeding including cost of the Bill of Exceptions herein, is now assessed as part of the costs and adjudged against the Village of Beachwood.